Scott, Chief Judge.
The original action was brought by defendants in error, against plaintiff in error, in the-Court of Common Pleas of Lucas county. By their pleadings, the parties raised several issues of fact, which were-submitted for trial by the court, without the intervention of a jury, upon the testimony offered by the parties. The court found, 'upon these issues, in favor of defendants in error, and rendered judgment accordingly. Plaintiff in error then filed his petition in error in the District Court of Lucas county, asking a reversal of this judgment, on the grounds that the Court of Common Pleas erred in its findings of fact, and as to the law arising upon the facts appearing in evidence, and in overruling his motion for a new trial, predicated on such supposed error. The case was reserved by the District Court for the decision of the Supreme Court.
As error will not be presumed, but must be affirmatively shown, it is clear that the plaintiff in error must fail, unless all the testimony offered by the parties on the trial, and on which the findings and judgment of the Court of Common Pleas was based, is properly brought before us for review. This can only be done by a bill of exceptions, so taken as to become a part of the record ; for we can reverse a judgment of an inferior court only for errors appearing on the face of the record. And the testimony adduced on the-trial is no part of the complete record of the case, unless it be incorporated in a bill of exceptions, which is duly allowed, signed, and sealed by the court, and made part of the record, at the request of the" party taking it. (Code see. 694.)
Section 517 of the code of civil procedure, as amended by the 6th section of April 18, 1870 (67 Ohio L. 114), provides that, “ the plaintiff in error shall file, with his peti *599 tion, an authenticated transcript of the docket or journal entries, and of the final judgment or decree made and rendered in the case, together with the original papers and pleadings in the ease,” etc.
These authenticated docket or journal entries, with the transcript of the final judgment and such original papers and pleadings as would properly enter into the record of the case, are thus substituted for the transcript of the proceedings containing the final judgment or order sought to be reversed, vacated, or modified, which the original section 517 required to be filed by the plaintiff in error.
These constitute the record, from which alone we can judicially learn the history of the case, and the action of the Court of Common Pleas.
Among the papers which, in this case, have been filed with, and are attached to, the authenticated transcript of the docket or journal entries, and of the final judgment rendered in the Court of Common Pleas, we find a paper purporting, on its face, to be a bill of exceptions, and to have been allowed and taken on the trial of the case.
But it is not authenticated by any certificate of the clerk, as an original paper filed in the case ; nor is there anything in the record, outside of the paper itself, which shows, or in any way intimates, that any bill of exceptions whatever ■was taken, or attempted to be taken on the trial.
Such unauthenticated paper can not be regarded as part of the record. Before a paper purporting to be a bill of exceptions can be treated as such, it must appear from the record, outside of such paper, that a bill of exceptions was, in due time, tendered to, and allowed, signed, and sealed by the court, and made part of the record, and the paper in question must be identified, with reasonable certainty, as the bill of exceptions which was thus made part of the ■record. Then, and not till then, its contents import verity. We can not presume, in the absence of the proper evidence, that any bill of exceptions was taken in this case. To make such a presumption, and then to presume farther, that the paper in question, unauthenticated, and unidenti *600 Red, is the original bill of exceptions so taken, would be to inaugurate a loose system of practice, leading to abuse, and wholly unwarranted.
In so holding, we but follow decisions of the former Supreme Court of this state, under laws which required, as our present code does, that bills of exception should be made part of the record, in order to be regarded by a reviewing court upon error. Acheson et al. v. Western Reserve Bank, 8 Ohio, 117; Baldwin v. State, 6 Ohio, 15.
The evidence in the case not being before us, the questions made in argument by counsel do not arise, and we can but affirm the judgment of the Court of Common Pleas.

Judgment accordingly.

Wright, Johnson, and Ashburn, JJ., concurred.
Day, J., dissented.